UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK Z. O'BRIEN,

      Plaintiffs,

vs.                                      Case No. 10-15136

BAC HOME LOAN SERVICING, LP and
BANK OF AMERICA,                         HON. AVERN COHN

      Defendants.

_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT BAC HOME LOAN SERVICING, LP'S MOTION TO DISMISS (Doc. 4)[1] AND DISMISSING CASE[2]

I.  Introduction

This is another of one of many cases pending in this district involving a default on a mortgage and eventual foreclosure.  Plaintiff Patrick Z. O'Brien is suing defendants BAC Home Loans Servicing, LP (BAC) raising a host of claims relating to his mortgage and the foreclosure.

Before the Court is BAC's motion to dismiss.  For the reasons that follow, the motion will be granted and the case will be dismissed.

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2]Plaintiff names as defendants "BAC Home Loans Servicing, LP and Bank of America."  Bank of America, however, is a trade name and not a legal entity.  Moreover, the complaint only identifies BAC Home Loans Servicing LP as a defendant.  Thus, the sole defendant is BAC Home Loans Servicing, LP.

## II.  Background

Plaintiff obtained a loan on November 17, 2006[3] from Countywide Home Loans d/b/a America's Wholesale Lender in the amount of $111,200 to refinance investment real property in Eastpointe.  The terms of the loan are set forth in the Note.  The Note stated that the loan carried an interest rate of 7.25% and that payments for the first 120 months would be interest only, in the amount of $671.83  After 120 months, the monthly payment included interest and principal, in the amount of $878.90.  A security for the Note, plaintiff granted a mortgage to Mortgage Electronic Registration Systems (MERS), acting as nominee for Countrywide and its successors and assigns.  Plaintiff made payments as required under the Note until 2010.

On March 30, 2010, MERS assigned its interest in the mortgage to BAC.  BAC initiated foreclosure proceedings by advertisement.  On April 30, 2010, BAC purchased the property at a foreclosure sale and obtained a Sheriff's Deed, which it recorded.  Plaintiff failed to redeem the property before the redemption period expired on October 30, 2010.

On November 3, 2010, perhaps to stall impending eviction proceedings, plaintiff filed the instant action in state court, which BAC removed on basis of diversity

## III.  Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion to dismiss, the

---

[3]The complaint references a 2005 loan.  BAC says to the extent plaintiff seeks relief on a 2005 loan, its motion should be granted because BAC had no role in such a loan.  In response to BAC's motion, plaintiff clarifies that the loan at issue was the November 17, 2006 loan.  The parties' arguments relate to the 2006 loan.

2

complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 545 (2007).  See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir.2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Aschcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (internal quotation marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007).  Here, the Court has considered documents relating to the mortgage and the foreclosure which are referenced in the complaint and central to plaintiff's claims.

3

IV.  Analysis

A.  Count I - Declaratory Relief

In Count I, plaintiff seeks a declaratory judgment that "[BAC's] purported Power of Sale is void and has no effect against the Subject Property."  As BAC points out, the effect of the power of sale and the validity of the mortgage are the basis for other claims in the complaint.  Although the declaratory judgment rule provides that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in an appropriate case," a declaratory judgment would be redundant to the relief already sought in the complaint.  Thus, there is nothing anticipatory about plaintiff's claim which requires declaratory relief.  As such, this claim must be dismissed.  See Florists' Transworld Delivery v. Fleurop-Interflora, 261 F. Supp. 2d 837 846-47 (E.D. Mich. 2003).

B.  Count II - Injunctive Relief

In Count II, plaintiff seeks injunctive relief.  Although not clear from the complaint, it appears plaintiff seeks to enjoin the foreclosure proceedings.  See Compl. at ¶ 38. This count is subject to dismissal for several reasons.  First, it comes too late.  The foreclosure sale took place on April 20, 2010.  Second, injunctive relief is not a freestanding claim, but rather a form of relief.  See Terlecki v. Stewart, 278 Mich.App. 644, 663  (2008) (stating that "[i]It is well settled that an injunction is an equitable remedy, not an independent cause of action.)

Finally, to the extent plaintiff's claim for injunctive relief is based on the allegation that the original promissory note was not produced, it fails.  There is no requirement to

4

produce the original promissory note prior to foreclosure.  See Hilmon v. Mortgage

Electronic Registration Systems, No. 06-13055, 2007 WL 1218718 at *2-3 (E.D. Mich.

Aug. 23, 2007).

### C.  Count III - Breach of Good Faith and Fair Dealing

In Count III, plaintiff claims a breach of the covenant of good faith and fair

dealing.  This claim is subject to dismissal because Michigan does not recognize an

independent tort action for breach of the implied covenant of good faith and fair dealing.

Simply put, Michigan does not recognize an independent tort action for an alleged

breach of a contract's implied covenant of good faith and fair dealing.  See Kewin v.

Massachusetts Mutual Life Ins. Co., 409 Mich. 401, 422-23 (1980).

Moreover, to the extent that plaintiff claims BAC owed it a duty based on a

lender/borrower relationship, such a claim fails.  See Mazur v. Washington Mut. Bank,

F.A., No. 09-13371, 2011 WL 108926 (E.D. Mich. Jan. 10, 2011); Ulrich v. Federal Land

Bank of St. Paul, 192 Mich.App. 194 (1991).

### D.  Count IV - Rescission

In Count IV, plaintiff seeks rescission of the loan on the grounds that there was

"Fraudulent Concealment, Deceptive Acts and Practices, (UDAP) and violating the "Net

Tangible Benefit" statute in Michigan, each of which provides independent grounds for

relief."  Compl. at ¶ 62.

This claim must be dismissed because rescission is an equitable remedy and not

a separate cause of action.  See Yaldu v. Bank of America Corp., 700 F. Supp. 2d 832,

847 (E.D. Mich. 2010).  Additionally, as discussed below, plaintiff's claims for fraudulent

concealment, violation of UDAP and the "Net Tangible Benefit statute" all must be

dismissed.  Thus, plaintiff is not entitled to rescission based on any of these claims.

E.  Count V - Unfair and Deceptive Business Practices, M.C.L. § 445.903

Although labeled as "Unfair and Deceptive Business Practices," Count V asserts

a claim for violation of the Michigan Consumer Protection Act (MCPA).  This claim is

based on allegations surrounding the origination of plaintiff's loan.  This claim must be

dismissed against BAC because it is undisputed that BAC did not originate the loan.

Moreover, the MCPA does not apply to BAC.  Under the MCPA, "[a] transaction

or conduct specifically authorized under laws administered by a regulatory board or

officer acting under statutory authority of this state or the United States" is exempt from

the MCPA.  M.C.L. § 445.904(1)(a); see also Newton v .Bank West, 262 Mich. App.

434, 442, 491 (2004).  In Newton, the Court of Appeals stated:

> [W]hen the Legislature said that transactions or conduct
> "specifically authorized" by law are exempt from the MCPA, it
> intended to include conduct the legality of which is in dispute . . .
> we conclude that the relevant inquiry is not whether the specific
> misconduct alleged by the plaintiffs is "specifically authorized."
> Rather, it is whether the general transaction is specifically
> authorized by law, regardless of whether the specific misconduct is
> prohibited.

Id. at 438 (quoting Smith v. Globe Life Ins. Co., 460 Mich. 446, 465 (1999))

(modifications & emphasis in original).

Courts have consistently applied the MCPA exemption to the mortgage business

of regulated lending institutions.  See Newton, 262 Mich. App. at 438 ("[W]e conclude

that the residential mortgage loan transactions fit squarely within the exemption.");

Hanning v. Homecomings Fin. Networks, Inc., 436 F. Supp. 2d 865, 869 (W.D. Mich.

2006) (holding defendants are "licensed mortgage lenders. Thus, they are specifically

authorized by law to have engaged in the 'general transaction' now at issue.  The

subject transactions are therefore exempt under the MCPA.") (emphasis in original)

(internal citations omitted).  Thus, plaintiff fails to state a claim under the MCPA.

### F.  Count VI - Unconscionability

In Count VI, plaintiff says that "the court may find the loan agreement and

SECURITY DEED are unconscionable and of no force and effect."  Compl. at ¶ 72.

Plaintiff cites M.C.L. § 440.2302 which provides:

> (1) If the court as a matter of law finds the contract or any clause of the contract
> to have been unconscionable at the time it was made the court may refuse to
> enforce the contract, or it may enforce the remainder of the contract without the
> unconscionable clause, or it may so limit the application of any unconscionable
> clause as to avoid any unconscionable result.

> (2) When it is claimed or appears to the court that the contract or any clause
> thereof may be unconscionable the parties shall be afforded a reasonable
> opportunity to present evidence as to its commercial setting, purpose and effect
> to aid the court in making the determination.

M.C.L. § 440.2302(1)-(2).  Under Michigan law, a court may invalidate a contract that is

determined to be unconscionable.  Courts may even invalidate commercial contracts

due to unconscionability.  See e.g., Johnson v. Mobil Oil Corp., 415 F. Supp. 264 (E.D.

Mich.1976).  However, unconscionability is not a separate cause of action.  Rather, it is

a defense to enforcement of a contract.  See Newman v. Roland Machinery Co., No.

08-cv-185,  2009 WL 3258319,*10-11 (W.D. Mich. Oct. 8, 2009) (A plain reading of

M.C.L. § 440.2302(1)-(2) indicates that it is to be used for protection against

enforcement and not as an affirmative action for damages.")

### G.  Count VII - Predatory Lending

Count VII claims predatory lending.  This claim must be dismissed because

Michigan does not recognize a claim for predatory lending.  See Saleh v. Home Loan Services, Inc., 2009 WL 2496682 at *2 n. 1 (E.D. Mich. Aug.17, 2009); see also Beydoun v. Countrywide Home Loans, Inc., 2009 WL 1803198 at *4 (E.D. Mich. June 23, 2009).

### H.  Count VIII - Quiet Title

Count VIII seeks to quiet title.  BAC essentially says that claim fails because he has not made out a prima facie case of title.  Under Michigan law, in an action to quiet title, the plaintiffs have the burden of proof and must make out a prima facie case of title.  Stinebaugh v. Bristol, 132 Mich. App. 311, 316 (1984).  If plaintiff makes out a prima facie case, the defendant then has the burden of proving superior right or title in themselves.  Boekeloo v. Kuschinski, 117 Mich. App. 619, 629 (1982).  Actions to quiet title are equitable in nature.  Dobie v. Morrison, 227 Mich. App. 536, 538 (1998).  Moreover, "[t]he Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside."  United States v. Garno, 974 F. Supp. 628, 633 (E.D. Mich. 1997), citing Detroit Trust Co. v. Agozzinio, 280 Mich. 402, 405-06 (1937).

Here, as explained above, BAC foreclosed on the property under Michigan's foreclosure by advertisement statute.  It purchased the property at the Sheriff's sale on April 30, 2010.  The deed was recorded on May 11, 2010.  The redemption period expired on October 30, 2010.  At that time, BAC was vested with all right, title and interest in the property.  See M.C.L. 600.3236.  As such, this claim must be dismissed.

### I.  Count IX - Failure to Comply with State Statutes

In Count IX, plaintiff claims a violation of Michigan law.  Putting aside that the

8

allegations of wrongdoing are conclusory, the record shows that the mortgage was foreclosed properly.  It is undisputed that plaintiff was loaned money and granted a mortgage as security for repayment, the mortgage was assigned to BAC, the mortgage was recorded, plaintiff defaulted, and BAC commenced foreclosure proceedings.  To the extent plaintiff claims that BAC did not have the authority to foreclosure because it was not a "holder" of the original note, this claim fails.  Nothing in Michigan's foreclosure by advertisement statute, M.C.L. § 600,3204, requires that a named mortgagee be a holder in due course of the note.  See Hilmon, supra, 2007 WL 1218718 at * 3.  Thus, this claim must be dismissed.

J.  Count X - Conversion, Aiding and Abetting, Conspiracy, Joint Venture, Promissory Estoppel or Illegal Attempt to Convert and Fraudulent Misrepresentation

In Count X, plaintiff asserts a variety of claims, none of which are viable causes of action.  First, as to a claim for conversion:

> In the civil context, conversion is defined as any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein. In general, it is viewed as an intentional tort in the sense that the converter's actions are wilful . . . .

Foremost Ins. Co. v. Allstate Ins. Co., 439 Mich. 378, 486 N.W.2d 600, 606 (1992).

Plaintiff has not alleged the BAC has exerted dominion and control over any of plaintiff's personal property.  Rather, plaintiff alleges that there were "attempts to convert property or title."  Compl. at ¶ 107.  This conclusory allegation is wholly insufficient to support a conversion claim.  Moreover, plaintiff then quotes from the Michigan Penal Code section on larceny by conversion, M.C.L. § 750.362.  This fails to state a claim inasmuch as this is a criminal statute and does not apply to real property.  Plaintiff's claim regarding "aiding and abetting" conversion likewise fails as there are no allegations that BAC

9

acted with anyone regarding a conversion.

As to a claim for civil conspiracy, "[a] civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." Advocacy Org. for Patients & Providers v. Auto Club Ins. Assoc., 257 Mich.App. 365, 384 (2003). To establish civil conspiracy, "it is necessary to prove a separate, actionable tort." Id. (citation omitted). Here, plaintiff has not alleged any concerted action by BAC, or even an underlying tort. To the extent plaintiff relies on the other torts named in Count X, this fails because none of those torts survive dismissal.

As to a claim for promissory estoppel, "[t]he elements of promissory estoppel are (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promise, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if justice is to be avoided." Novak v. Nationwide Mut. Ins. Co., 235 Mich. App 675, 686-87 (1999). The promise must be definite and clear to support a claim of estoppel. Marrero v. McDonnell Douglas Capital Corp., 200 Mich. App 438, 442 (1993). Plaintiff has not alleged any of the elements of promissory estoppel. Thus, this claim must be dismissed.

Further, even assuming plaintiff had pleaded a claim for promissory estoppel, the claim is barred by the statute of frauds. M.C.L. § 566.132 governs "[a]greements, contracts, or promises for which signed writing required; enforcement[.]" Subsection 2 provides:

An action shall not be brought against a financial institution to enforce any of the

10

following promises or commitments of the financial institution unless the promise
or commitment is in writing and signed with an authorized signature by the
financial institution:
(a) A promise or commitment to lend money, grant or extend credit, or make any
other financial accommodation.
(b) A promise or commitment to renew, extend, modify, or permit a delay in
repayment or performance of a loan, extension of credit, or other financial
accommodation.
(c) A promise or commitment to waive a provision of a loan, extension of credit,
or other financial accommodation.

M.C.L. § 566.132(2).

"[T]he Legislature used the broadest possible language in M.C.L. § 566.132(2) to

protect financial institutions by not specifying the types of 'actions' it prohibits,

eliminating the possibility of creative pleading to avoid the ban." Crown Technology

Park v. D&N Bank, 242 Mich. App. 538, 551 (2000).  Here, there is no dispute that BAC

is a financial institution.  It is also clear that the promises which form the basis of

plaintiffs' promissory estoppel claim relate to a promise to lend money.  These oral

promises fall squarely within the express language of M.C.L. § 566.132(2)(b) and (c).

Therefore, plaintiff cannot bring a promissory estoppel claim.

Plaintiff's fraud claim fails for similar reasons.  The elements that a plaintiff must

plead and prove for a fraud/misrepresentation claim are:

(1) defendants made a material representation; (2) it was false; (3) when
defendants made it, defendants knew that it was false or made recklessly
without knowledge of its truth or falsity; (4) defendants made it with the
intent that plaintiffs would act upon it; (5) plaintiffs acted in reliance upon it;
and (6) plaintiffs suffered damage.

Mitchell v. Dahlberg, 547 N.W.2d 74, 77 (Mich.App. 1996) (quoting Arim v. General

Motors Corp., 520 N.W.2d 695 (1994)).  The complaint plaintiff fails to identify any

misrepresentations with particularity.  At best, the allegations are conclusory and lack

11

any specific detail.  As such, the claim must be dismissed.

Moreover, as with plaintiff's promissory estoppel claim, to the extent he seeks to enforce unwritten promises respecting the terms of their loan, the claim is barred by the statute of frauds.  Under the statute of frauds, "a party is precluded from bringing a claim --no matter its label -- against a financial institution to enforce the terms of an oral promise . . . ."  Crown Tech. Park v. D&N Bank, FSB, 242 Mich. App. 538, 550; 619 N.W.2d 66 (2000).  This bar extends to misrepresentation claims.  Manire v. Am. Equity Mortgage, Inc., No. 04-60278, 2005 WL 2173679, at * 2 (E.D. Mich., Sept 6, 2005) (dismissing intentional and negligent misrepresentation claims against a financial institution under the statute of frauds).

### K.  Plaintiff's Arguments in Response to BAC's Motion

Plaintiff's response to the motion to dismiss fails to address most of BAC's arguments pointing out the deficiencies in the complaint.  Plaintiff also relies on case law from other jurisdictions which is not applicable.  Plaintiff's main arguments appear to be that (1) BAC lacked standing to foreclose and (2) BAC violated M.C.L. § 600.3205a (a statute not referenced in the complaint), (3) plaintiff should be entitled to amend the complaint, (4) removal was improper.  None of these arguments save the case from dismissal.

As explained above, BAC had standing to foreclose as the servicing agent of plaintiff's mortgage.  Plaintiff appears to confuse legal standing with the right to foreclose.  M.C.L. § 600.3204(1)9(d) specifically allows for a servicing agent to foreclose by advertisement.  There is no dispute that BAC was the servicing agent of the loan.  Moreover, BAC, as the assignee of the mortgage by MERS, had the right to

foreclose.  See Hilmon, supra, 2007 WL 1218718 at *3.  Plaintiff granted a mortgage with the power of sale to MERS as nominee for the lender and the lender's assigns, such as BAC.

Plaintiff also says that BAC violated M.C.L. § 600.3205a when it failed to provide notice and allow for an attempt at modification.  Not only did plaintiff not plead this in the complaint, such notice is only required where the property is a principal residence.  It is not disputed that the mortgage was not on plaintiff's principal residence.

Plaintiff's request for leave to amend must be denied.  While plaintiff alleged the wrong loan, see n. 1, supra, it is clear that the 2006 loan is at issue.  BAC addressed the loan.  Amendment would be futile because plaintiff's claims arising under the 2006 loan fail, as explained above.

Finally, plaintiff says that the Court should remand this matter because the amount in controversy requirement has not been met.  In other words, plaintiff suggests that subject matter jurisdiction is lacking.  Plaintiff argues that his claims are for equitable relief to set aside the Sheriff's deed and damages are only in excess of $25,000.00.  This argument is not well-taken.  Plaintiff clearly seeks "a judgment rescinding the Loan and Security Agreement and setting forth terms of restitution" and "a declaration that the title to the Subject Property is vested in Plaintiff alone."  In other words, plaintiff is seeking to have the $112,000 loan discharged.  Thus, the amount in controversy requirement is satisfied.  Moreover, plaintiff failed to comply with E.D. Mich. LR 81.1(d) which contains detailed requirements for a motion to remand on the grounds that the amount in controversy requirement is not met.

13

V. Conclusion

For the reasons stated above, BAC's motion to dismiss is GRANTED.  This case is DISMISSED.

SO ORDERED.


 S/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  March 28, 2011


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 28, 2011, by electronic and/or ordinary mail.

 S/Julie Owens_____
Case Manager, (313) 234-5160

14